## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**PAUL ANDREW LEITNER-WISE**
**1103 Bladensburg Rd NE**
**Washington DC 20002**

**Plaintiff**

**v.**

**KONIAG, INC.**
**3800 Centerpoint Drive, Suite 502**
**Anchorage AK 99503**
**(907) 561-2668**

**Serve:**
**National Registered Agents, Inc.**
**1015 15th Street NW, Suite 1000**
**Washington DC 20005**

**Defendant**

Civil Action Number

1:17-cv-1859

## COMPLAINT

This is a complaint for Breach of Contract, Fraudulent Inducement, Conversion and Unjust Enrichment by Paul Andrew Leitner-Wise against Koniag, Inc.

## PARTIES

1.     Plaintiff Paul Andrew Leitner-Wise is a natural person, and a subject of the United Kingdom.  Leitner-Wise is not a permanent resident alien under the Immigration and Nationality Act.

2.      Defendant Koniag, Inc. is a for profit corporation incorporated in Alaska and formerly domesticated as a foreign corporation in the District of Columbia.

## JURISDICTION

3.      The Plaintiff is a subject of the United Kingdom with a legal domicile in the District of Columbia.

4.      The Defendant is a citizen of Alaska under 28 U.S.C. § 1332 (c)(1).

5.       The amount in controversy herein exceeds $75,000, exclusive of interest and costs.

6.      This Court has jurisdiction under 28 U.S.C. § 1332 (a)(4) where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a foreign state not permanent resident aliens.

## RELEVANT FACTS

7.      In 2004, Plaintiff Paul Andrew Leitner-Wise invented a "Self-Cleaning Gas Operating System for a Firearm", United States Patent No. 7,461,581 (the '581 patent), a self-regulating short-stroke piston operating system for AR-15 type self-loading rifles.  Pl.'s Ex. A.

8.      Plaintiff Leitner-Wise is the founder of the Leitner-Wise Rifle Company, Inc., a Virginia Corporation.

2

9.      In 2005, Plaintiff Leitner-Wise sold a majority interest in Leitner-Wise Rifle Company, Inc to Defendant Koniag, Inc.

10.     In further consideration of that sale, on April 11, 2005, Leitner-Wise entered into an Employment Agreement with Leitner-Wise Rifle Company, Inc.

11.     Such agreement was signed by Carl Williams, an agent of Defendant Koniag, Inc.

12.     Such agreement was signed by Williams at the direction of Defendant Koniag, Inc.

13.     Such agreement was signed by Williams in furtherance of Defendant Koniag, Inc.'s business.

14.     Such Employment Agreement stated *inter alia*,

Employer hereby acknowledges that Executive [Plaintiff Leitner-Wise] has developed certain Intellectual Property prior to the execution of this Agreement which Employer desires to exercise ownership rights including patents developed while Executive was employed by Leitner-Wise Rifle Company (hereafter LWRC).  Employer will separately pay a royalty of one half of one percent (.05%) [sic] on the net sale price of each product containing a previously patented or patentable or otherwise protected device developed by the Executive. Net sale price is defined as gross sale price less the direct cost for outside sales and marketing expressed in a per unit cost, but shall not include any commissions or fees imposed by outside dealers distributors, or prime contractors. The royalties' payable under this subsection shall not be due and payable until Employer's books of accounts show the existence of pre-tax profits, and in no event shall the royalty payment liability in a given fiscal year exceed an amount exceeding 3 per cent of the Employer's pre-tax profit. Employer shall be entitled to treat any patentable enhancements, variations or improvements of these patented products as Intellectual Property, and the patents which are subject to royalty payments will be listed on Exhibit C attached hereto.  Payment of royalties under this section shall not be withheld or terminated regardless of any Termination of the Executive for any reason.

Pl.'s Ex. B. at 8.

Executive has maintained that he has previously subsidized company operations from time to time from personal funds expended and to be reimbursed under the terms of a prior employment agreement or agreements made between Executive and the company believed to be in the amount of $100,000 to $160,000 in return for a waiver of all rights by Executive to any form of compensation whatsoever under the terms of any prior agreements, including employment and royalty agreements or written or oral contracts of any kind or nature, the exact amount expended by Executive will be determined by reconciliation of LWRC bank statements and Executive's personal bank statements generated during the years 2002 and 2003 and the mutually agreed upon amount shall be reimbursed to Executive over a period not to exceed twenty four months beginning 30 days after full funding of the Private Offering in accordance with the Term Sheet attached as Exhibit A.

Pl. Ex. B at 9.

15.     Such obligations under the Employment Agreement were not assignable without Plaintiff Leitner-Wise's written consent.  Pl.'s Ex B at 8.

16.     Prior to Plaintiff Leitner-Wise signing the Employment Agreement, Williams and other employees of Defendant Koniag, Inc. repeatedly represented to Plaintiff Leitner-Wise that Leitner-Wise Rifle Company, Inc. would continue as a going concern.

17.     Prior to Plaintiff Leitner-Wise signing the Employment Agreement, Williams and other employees of Defendant Koniag, Inc. repeatedly represented to Plaintiff Leitner-Wise that Leitner-Wise Rifle Company, Inc. would be funded by a Private Offering.

18.     Prior to Plaintiff Leitner-Wise signing the Employment Agreement, Williams and other employees of Defendant Koniag, Inc. repeatedly represented to Plaintiff Leitner-Wise that such Private Offering was forthcoming.

19.     Defendant Koniag, Inc. and its officers and employees had no intention of ever conducting a Private Offering as was represented to Plaintiff Leitner-Wise prior to contracting.

20.     Defendant Koniag, Inc. only intended to dismember Leitner-Wise Rifle Company, Inc. and sell the assets of the company outright.

21.     Such intentions were intentionally concealed from Plaintiff Leitner-Wise at the time of contracting.

22.     Plaintiff Leitner-Wise left employment with Leitner-Wise Rifle Company, Inc. on October 31, 2006.

23.     On that date, Leitner-Wise assigned his interest in the '581 patent in consideration of the compensation promised by the agents and employees of Defendant Koniag, Inc. in the Employment Agreement.  Pl.'s Ex. C.

24.     Immediately following cessation of his employment with Leitner-Wise Rifle Company, Inc., unknown persons removed all copies of Leitner-Wise's contracts from his possessions at the company's offices and all copies of Pl.'s Ex. B were believed to be lost.

25.     On information and belief, such removal of the contracts from Leitner-Wise's possessions was intended to deprive him of evidence of this Employment Agreement and the residual benefits of the agreement following his departure from Leitner-Wise Rifle Company, Inc.

26.     On information and belief such theft of the documents was conducted by agents and employees of Defendant Koniag, Inc. to relieve Koniag, Inc. of any obligations under the Employment Agreement and other agreements.

27.     On or about April 18, 2008, Defendant Koniag, Inc. sold the assets of Leitner-Wise Rifle Company, Inc. to LWRC International, LLC.

28.     On April 18, 2008, Defendant Koniag, Inc. by its control of Leitner-Wise Rifle Company, Inc. assigned the '581 patent to LWRC International, LLC.  Pl.'s Ex. D.

29.     Such assignment was executed by John Patrick Bryan, an employee and agent of Defendant Koniag, Inc.

30.     Such assignment was executed by Bryan at the direction of Defendant Koniag, Inc.

31.     Such assignment was executed by Bryan in the furtherance of Defendant Koniag, Inc.'s business.

32.     Such assignment falsely identified the inventor as the ASSIGNOR, Leitner-Wise Rifle Company, Inc.  *Id.*

33.     Such (re-)assignment in 2008 was made without the knowledge or authority of the inventor, Plaintiff Leitner-Wise.

34.     Such (re-)assignment in 2008 was made without due consideration of the existing compensation agreement with royalties due to Plaintiff Leitner-Wise.  Pl.'s Ex. B.

35.     On information and belief, such false identification of the inventor within the 2008 assignment was for the sole purpose of avoiding disclosure of Plaintiff's Leitner-

Wise's ongoing right to royalties on the patent and to further deprive Leitner-Wise of the residual benefits of his Employment Agreement with Leitner-Wise Rifle Company, Inc. which survived his termination of employment.

36.     Defendant's Konaig, Inc. received five million dollars for the sale of the assets of Leitner-Wise Rifle Company, Inc. to LWRC International, LLC.

37.     Defendant Koniag, Inc. has never paid Plaintiff Leitner-Wise for the value received from the ongoing use of this intellectual property.

38.     On information and belief, Leitner-Wise Rifle Company, Inc. is now defunct.

39.     In late November 2014, an attorney working for Leitner-Wise on immigration matters, discovered for the first time a copy of the lost Employment Agreement.  Pl.'s Ex. B.  The attorney later provided the agreement to Leitner-Wise.


## COUNT I
## BREACH OF CONTRACT

40.     Paragraphs 1-39 are incorporated by reference as if fully set forth herein.

41.     Leitner-Wise is the inventor of United States Patent No. 7,461,581 ("the '581 patent"), entitled "Self-Cleaning Gas Operating System For A Firearm".  Pl.'s Ex. A.

42.     Leitner-Wise assigned his rights to the patent and other good and valuable assets in exchange for promises to pay substantial sums of money made by agents and employees of Defendant Koniag, Inc.

43.     Defendant Koniag, Inc. received such good and valuable assets from Leitner-Wise which it later sold for five million dollars.

44.     Defendant Koniag, Inc. has never paid Leitner-Wise the money promised in exchange for such assets.

45.     Leitner-Wise has been injured as a direct and proximate result.


## COUNT II
## UNJUST ENRICHMENT

46.     Paragraphs 1-45 are incorporated by reference as if fully set forth herein.

47.     Defendant Koniag, Inc.'s use of the '581 patent has greatly benefited it, including the receipt of five million dollars from LWRC International, LLC for the assignment thereof.

48.     Defendant Koniag, Inc. has known of the benefit it received by the use of the '581 patent.

49.     Defendant Koniag, Inc.'s  use of the '581 patent under these circumstances is such that it would be inequitable to allow it to retain the benefit without the paying of royalties in return.

50.     Defendant Koniag, Inc. is obliged by the ties of natural justice and equity to pay Leitner-Wise those royalties upon which he conditioned his assignment of the '581 patent to Leitner-Wise Rifle Company, Inc.

51.     Such circumstances give rise to the policy of restitution as a remedy.

52.     Such damages are ongoing and will increase over time.

## COUNT III
## FRAUDULENT INDUCEMENT

53.     Paragraphs 1-52 are incorporated by reference as if fully set forth herein.

54.     Prior to entering to a contract with Leitner-Wise, agents and employees of Defendant Koniag, Inc. made representations to Leitner-Wise that Leitner-Wise Rifle Company, Inc. would continue as a going concern.

55.     Prior to entering to a contract with Leitner-Wise, agents and employees of Defendant Koniag, Inc. made representations to Leitner-Wise that Leitner-Wise Rifle Company, Inc. would be funded by a private offering.

56.     Defendant Koniag, Inc. and its agents and employees never intended to continue Leitner-Wise Rifle Company, Inc. as a going concern, but always intended to dismember the company and sell its assets.

57.     Defendant Koniag, Inc. and its agents and employees never intended to fund Leitner-Wise Rifle Company, Inc., with a private offering.

58.     Defendant Koniag, Inc. and its agents and employees intentionally concealed such information from Leitner-Wise.

59.     Leitner-Wise reasonably relied upon the misrepresentations of Defendant Koniag, Inc.'s agents and employees in entering into agreements.

60.     The misrepresentations of Defendant Koniag, Inc.'s agents and employees caused Leitner-Wise to enter into such agreements.

61.     Leitner-Wise has been directly and proximately injured by Defendant Koniag, Inc.'s misrepresentations.

62.     Leitner-Wise is now entitled to the difference between the value of the property which he received and the value of the property with which he parted under the contract.

## COUNT IV
## CONVERSION

63.     Paragraphs 1-62 are incorporated by reference as if fully set forth herein.

64.     Defendant Koniag, Inc. has exercised ownership, dominion and control over the intellectual property otherwise lawfully belonging to Leitner-Wise.

65.     Defendant Koniag, Inc. has obtained such ownership, dominion and control over such intellectual property by fraud.

66.     Defendant Koniag, Inc. has sold the intellectual property it unlawfully obtained from Leitner-Wise for five million dollars.

67.     Leitner-Wise has been directly and proximately injured by Defendant Koniag, Inc.'s unlawful conversion of his property.

WHEREFORE, the Plaintiff seeks a declaration by this honorable Court finding the Defendant's conduct to be unlawful, an award of monetary damages according to proof at trial under applicable law in excess of $75,000, punitive damages, costs and attorney's fees.  If there should be an insufficient remedy at law, the Plaintiff seeks equitable relief.

The Plaintiff demands a jury trial on all issues so triable.

_____

Matthew August LeFande
Attorney at Law PLLC
4585 North 25th Road
Arlington VA 22207
Tel: (202) 657-5800
email: matt@lefande.com
D.C. Bar Number 475995
Attorney for the Plaintiff